Filed 3/10/21  In re Kakowski CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re BRIAN KAKOWSKI<br><br>on<br><br>Habeas Corpus. | B307097<br><br>(Los Angeles County Super. Ct. No. BH013122) |

ORIGINAL PROCEEDING; petition for writ of habeas corpus.  Superior Court of Los Angeles County, William C. Ryan, Judge.  Petition granted.

Allen G. Weinberg, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Senior Assistant Attorney General, Julie A. Malone and Jennifer O. Cano, Deputy Attorneys General, for Respondent.

Petitioner Brian Kakowski is currently serving a 40 year to life term in prison for multiple violent and nonviolent felony convictions, including second degree robbery (Pen. Code, § 212.5, subd. (c)),[1] second degree burglary (§ 459), use of another's identifying information (§ 530.6, subd. (a)), and making criminal threats (§ 422).

On July 12, 2020, petitioner filed a petition in the superior court contending he was entitled to early parole consideration under the Public Safety and Rehabilitation Act of 2016 (Proposition 57). Proposition 57 added section 32, subdivision (a) to Article I of California's Constitution. Subdivision (a)(1) reads: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense." The trial court denied petitioner's request for relief, finding he was not entitled to early parole consideration because "he was convicted of second degree robbery in his controlling case . . . and all robberies are violent felonies." After the superior court denied relief, petitioner filed a petition for habeas corpus in this court seeking the same Proposition 57 relief he sought in the trial court.

The parties agree that three of the crimes for which petitioner is serving a prison sentence—second degree burglary, use of another's identifying information, and making criminal threats—are nonviolent felonies. (Cal. Code Regs., tit. 15, § 3495, subd. (c) [for purposes of Proposition 57, a "['v]iolent felony' is a crime or enhancement as defined in subdivision (c) of section 667.5"]; see also § 667.5, subd. (c).) There is no dispute that our

---

[1]     All further statutory references are to the Penal Code.

holding in *In re Mohammad* (2019) 42 Cal.App.5th 719 (review granted Feb. 19, 2020, S259999 (*Mohammad*)), if applied to the facts in this proceeding, supports granting petitioner's request for early parole consideration. (*Id.* at p. 725 ["[Proposition 57] grants eligibility for early parole consideration to '[a]ny person convicted of a nonviolent felony offense . . . after completing the full term of his or her primary offense,' and the use of the singular 'a' in a sentence that expressly contemplates criminals would be sent to prison for more than one offense means any nonviolent felony offense component of a sentence will suffice. Mohammad was convicted of a nonviolent offense, among others, and he has completed the full term of his primary offense. That means he is now entitled to early parole consideration notwithstanding [the Department of Corrections and Rehabilitation's] regulatory exclusion to the contrary—which we shall invalidate"].) The Attorney General simply asks us to refuse to follow our decision in *Mohammad*. We decline to do so. Petitioner is entitled to early parole consideration for the reasons articulated in *Mohammad*.

The petition for writ of habeas corpus is granted. Petitioner shall be deemed eligible for early parole consideration pursuant to the terms of Proposition 57.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.

4